IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HUEL SAXTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. |
| GO-MAR FOODS INC., d/b/a TAMPICO ) | |
| SEAFOOD COMIDA MEXICANA #2 and ) | |
| JUAN M. & ALMA GONZALEZ, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, HUEL SAXTON, by and through the undersigned counsel, and files this, his Complaint against Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ, failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PARTIES

2. Plaintiff HUEL SAXTON (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 (hereinafter "GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2"), is a Texas company that transacts business in

the State of Texas and within this judicial district.

8.      Defendant, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2, may be properly served with process via its registered agent for service, to wit:  Arturo Coronel, Registered Agent, 2115 Airline Drive, Houston, TX 77093.

9.      Defendant, JUAN M. & ALMA GONZALEZ (hereinafter "JUAN M. & ALMA GONZALEZ"), are individuals that transacts business in the State of Texas and within this judicial district.

10.     Defendant, JUAN M. & ALMA GONZALEZ, may be properly served with process for service, to wit:  Juan M. and Alma Gonzalez, 1624 Airline Drive, Houston, TX  77009-3608.

## FACTUAL ALLEGATIONS

11.     On or about June 27, 2018, Plaintiff was a customer at "Tampico Seafood Restaurant #2," a business located at 10125 North Freeway, Houston, TX  77037, referenced herein as the "Tampico Seafood Restaurant #2."

12.     Defendant, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2, is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

13.     Defendant, JUAN M. & ALMA GONZALEZ, is the owner or co-owner of the real property and improvements that Tampico Seafood Restaurant #2 is situated upon and that is the subject of this action, referenced herein as the "Property."

14. Plaintiff lives 22 miles from Tampico Seafood Restaurant #2 and the Property.

15. Plaintiff's access to the business located at 10125 North Freeway, Houston, TX 77037, Harris County Property Appraiser's HCAD Account Number 1213060010003 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Tampico Seafood Restaurant #2 and the Property, including those set forth in this Complaint.

16. Plaintiff has visited Tampico Seafood Restaurant #2 twice before. Plaintiff intends on revisiting Tampico Seafood Restaurant #2 in the very near future, to determine if and when Tampico Seafood Restaurant #2 is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends to revisit Tampico Seafood Restaurant #2 and the Property to purchase goods and/or services as well as for Advocacy Purposes.

18. Plaintiff travelled to Tampico Seafood Restaurant #2 and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Tampico Seafood Restaurant #2 and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue

4

to suffer such harm and injury as a result of the illegal barriers to access present at Tampico Seafood Restaurant #2 and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24. Tampico Seafood Restaurant #2 is a public accommodation and service establishment.

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by

January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

28. Tampico Seafood Restaurant #2 must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed Tampico Seafood Restaurant #2 and the Property in his capacity as a customer of Tampico Seafood Restaurant #2 and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Tampico Seafood Restaurant #2 and the Property that preclude and/or limit his access to Tampico Seafood Restaurant #2 and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit Tampico Seafood Restaurant #2 and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Tampico Seafood Restaurant #2 and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Tampico Seafood Restaurant #2 and the Property that preclude and/or limit his access to

Tampico Seafood Restaurant #2 and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Tampico Seafood Restaurant #2 and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ, are compelled to remove all physical barriers that exist at Tampico Seafood Restaurant #2 and the Property, including those specifically set forth herein, and make Tampico Seafood Restaurant #2 and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Tampico Seafood Restaurant #2 and the Property and the full and equal enjoyment of the goods,

services, facilities, privileges, advantages and accommodations of Tampico Seafood Restaurant #2 and Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

    (i)    The interior of Tampico Seafood Restaurant #2 has a bar lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Facility.

    (ii)    One or more accessible parking spaces is not located on the shortest accessible route from the accessible parking space to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access Tampico Seafood Restaurant #2.

    (iii)    The required handrails on both sides of the accessible ramp are not present as there is only a handrail on one side, in violation of Section 505.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access Tampico Seafood Restaurant #2.

    (iv)    The Property lacks an accessible route from three most eastern accessible parking spaces to the accessible entrance of the Property due to the fact that when a car parks in the accessible parking space and pulls up to the parking stop, the nose of the car intrudes into and blocks the 36-inch clear access

route forcing a disabled individual to walk into the vehicular way, in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation is caused by a policy of placing the parking stops too close to the access route leading to the accessible ramp. This violation made it dangerous for Plaintiff to access Tampico Seafood Restaurant #2.

(v) The accessible parking spaces are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vi) The door leading directly to the bar area lacks a proper minimum maneuvering clearance, due to the proximity of the adjacent wall to the door hardware, in violation of Section 404.2.4 of the 2010 ADAAG standards. This violation made it difficult and dangerous for Plaintiff to access the interior of the Property.

(vii) The doorway leading to the bar area does not have a level maneuvering clearance in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the interior features of the Property.

(viii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(i) The restrooms in Tampico Seafood Restaurant #2 have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the

2010 ADAAG standards as the side bar is missing. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(ii) The accessible toilet stall door is not self-closing and violates Section 604.8.2.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

(iii) The accessible toilet stall door swings into the clear floor space required by the stall and violates Section 604.8.1.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

(iv) Restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v) The actionable mechanism of the paper towel dispenser and hand drying device in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi) The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vii) The Facility lacks restroom signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(viii) The door of the restroom entrance of Tampico Seafood Restaurant #2 lacks a proper minimum maneuvering clearance, due to a policy of placing a planter within the maneuvering clearance of the restroom door, in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

35. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Tampico Seafood Restaurant #2 and the Property.

36. Plaintiff requires an inspection of Tampico Seafood Restaurant #2 and the Property in order to determine all of the discriminatory conditions present at Tampico Seafood Restaurant #2 and the Property in violation of the ADA.

37. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38. All of the violations alleged herein are readily achievable to modify to bring Tampico Seafood Restaurant #2 and the Property into compliance with the ADA.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Tampico Seafood Restaurant #2 and the Property is

readily achievable because the nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Tampico Seafood Restaurant #2 and the Property is readily achievable because Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ, has the financial resources to make the necessary modifications.

41. Upon information and good faith belief, Tampico Seafood Restaurant #2 and the Property have been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Tampico Seafood Restaurant #2 and the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and

costs of litigation from Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ, pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ to modify Tampico Seafood Restaurant #2 and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2, in violation of the ADA and ADAAG;

(b) That the Court find Defendants, JUAN M. & ALMA GONZALEZ, in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ, from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, GO-MAR FOODS INC., d/b/a TAMPICO SEAFOOD COMIDA MEXICANA #2 and JUAN M. & ALMA GONZALEZ, to (i) remove the physical barriers to access and (ii) alter the Tampico Seafood Restaurant #2 and the Property to make

   it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

        Dated: August 4, 2018.

        Respectfully submitted,

        /s/ Douglas S. Schapiro
        Douglas S. Schapiro, Esq.
        *Attorney-in-Charge for Plaintiff*
        Southern District of Texas ID No. 3182479
        The Schapiro Law Group, P.L
        21301 Powerline Road, Suite 106
        Boca Raton, FL 33433
        Tel: (561) 807-7388
        Email: schapiro@schapirolawgroup.com